UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANNA ARAGON,
Plaintiff,
v.
CAROLYN W. COLVIN, Commissioner of Social Security,
Defendant.

NO. EDCV 12-1647 AGR

MEMORANDUM OPINION AND ORDER

Anna Aragon filed this action on October 9, 2012. (Dkt. No. 3.) Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on October 29 and November 7, 2012. (Dkt. Nos. 8-9.) On May 9, 2013, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court remands this matter to the Commissioner for proceedings consistent with this Opinion.

**I.**

**PROCEDURAL BACKGROUND**

On August 13, 2009, Aragon filed applications for disability insurance benefits and supplemental security income benefits alleging a disability onset date of June 26, 2009. Administrative Record ("AR") 19. These applications were denied initially on July 21, 2010 and upon reconsideration on December 14, 2010. *Id.* On January 30, 2012, an Administrative Law Judge ("ALJ") conducted a hearing at which Aragon and a vocational expert ("VE") testified. AR 19, 39-57. On February 3, 2012, the ALJ issued a decision denying benefits. AR 16-32. On August 9, 2012, the Appeals Council denied the request for review. AR 1-3. This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

**III.**

**DISCUSSION**

**A. Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

**B. The ALJ's Findings**

The ALJ found that Aragon has the following severe impairments: degenerative disc disease of the lower thoracic spine and small disc protrusion of the L5-S1 disk. AR 22. Aragon has the residual functional capacity ("RFC") to perform light work[1] and "simple repetitive tasks," but she is "precluded from interacting with the public." AR 26. Although Aragon could not perform her past relevant work, she is able to perform jobs that exist in significant numbers in the national economy such as hand packer, bagger, and folder. AR 30-31.

**C. Examining Physician's Opinion**

Aragon alleges that the ALJ did not properly consider the opinion of the consultative psychiatric examiner, Dr. Rodriguez. JS 3. Specifically, Aragon contends that "the RFC did not contain a limitation to one- or two-step instructions

---

[1] Light work involves lifting and/or carrying no more than 20 pounds occasionally and 10 pounds frequently; sitting, standing and/or walking for six hours out of an eight-hour workday with regular breaks; pushing or pulling within those weight limits; occasionally climbing ramps, stairs, ladders, ropes, and/or scaffolds; occasionally stooping, kneeling, crouching, and/or crawling; and performing simple repetitive tasks. 20 C.F.R. § 416.967(b).

as posited by Dr. Rodriguez, but instead a less-restrictive limitation to simple, repetitive tasks."[2] JS 4.

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

At Step Five, the Commissioner bears the burden of demonstrating there is other work in significant numbers in the national economy the claimant can do. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner satisfies this burden, the claimant is not disabled and not entitled to disability benefits. If the Commissioner cannot meet this burden, the claimant is disabled and entitled to disability benefits. *Id*.

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id*.

"[A]n ALJ may [not] rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]."[3] *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1234 (9th

---

[2] Both parties acknowledge a typographical error by Dr. Rodriguez, who intended to state Aragon "can" understand, remember, and carry out simple one- or two-step instructions, rather than she "cant". JS 3-4; AR 385.

[3] The DOT raises a rebuttable presumption as to job classification. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).

Cir. 2009). Social Security Ruling 00–4p[4] requires the ALJ to "first determine whether a conflict exists" between the DOT and the VE's testimony, and "then determine whether the [VE's] explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi*, 486 F.3d at 1153.

In evaluating the VE's explanation for the conflict, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. The ALJ's explanation is satisfactory if the ALJ's factual findings support a deviation from the DOT and "persuasive testimony of available job categories" matches "the specific requirements of a designated occupation with the specific abilities and limitations of the claimant." *Id*. at 1435. Remand may not be necessary if the procedural error is harmless, *i.e.*, when there is no conflict or if the VE provided sufficient support for her conclusion to justify any potential conflicts. *Massachi*, 486 F.3d at 1154 n.19.

Under the DOT, the General Educational Development ("GED") Scale measures "those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, Appendix C, Section III, 1991 WL 688702 (1991). The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development. *Id.* Reasoning Development Level One requires a person to "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." *Id.* Reasoning Development Level Two requires a

---

[4] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (footnotes omitted).

person to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." *Id.*

Based on the VE's testimony, the ALJ determined that Aragon could perform the occupations of hand packer, bagger, and folder, all of which require Reasoning Level Two according to the DOT. (AR 31; DOT 559.687-074 [hand packer]; DOT 920.687-014 [bagger]; DOT 686.685-030 [folder].)

The "weight of prevailing authority precludes a finding of any inconsistency between a Reasoning Level of two and a mere limitation to simple, repetitive tasks or unskilled work." *Coleman v. Astrue*, 2011 U.S. Dist LEXIS 19892, *12–*14 (C.D. Cal. 2011) (collecting cases); *see Watkins v. Astrue*, 2012 U.S. Dist. LEXIS 5199, *14-*15 (C.D. Cal. Jan. 17, 2012).

However, there is an inconsistency with Reasoning Level Two when the ALJ's RFC includes an additional restriction to one- and two-step instructions. *See Cardoza v. Astrue*, 2011 U.S. Dist. LEXIS 33821, at *5-*6 (C.D. Cal. 2011) (collecting cases); *see also Pouria v. Astrue*, 2012 U.S. Dist. LEXIS 76692, *5 (C.D. Cal. June 1, 2012). The limitation to one- and two-step instructions parallels the language contained in the description of Reasoning Level One, as distinguished from Reasoning Level Two. *See Coleman*, 2011 U.S. Dist LEXIS 33821 at *14. "Level 2 reasoning jobs may be simple, but they are not limited to one- or two-step instructions. The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning." *Grigsby v. Astrue*, 2010 U.S. Dist. LEXIS 5465, *6 (C.D. Cal. 2010).

The ALJ gave significant weight to the opinions of Dr. Rodriguez. AR 24-25. The ALJ found that Dr. Rodriguez's findings were "generally consistent with the objective evidence of the record," and that his assessment of Aragon's functional limitations were "essentially the same as those included in the [RFC] assessment." AR 25. This statement is incorrect. A limitation to one- and two-

step instructions is not essentially the same as a limitation to simple repetitive tasks. Because the ALJ proceeded from an incorrect premise, it is unclear which limitation the ALJ intended to select.

The Commissioner argues that this court should infer a rejection of Dr. Rodriguez's mental limitation from the ALJ's limitation to simple repetitive tasks. *See* AR 29. However, this court is "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). A court "may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630. Because the ALJ proceeded on the incorrect premise that Dr. Rodriguez's opinion was consistent with the RFC, this court cannot infer that the ALJ meant to reject Dr. Rodriguez's limitation.

This error does not appear to be harmless. In the hypothetical posed to the VE during her testimony, the ALJ included the limitation to simple repetitive tasks. AR 54-56. As a result, the VE suggested jobs requiring Reasoning Level Two, rather than Reasoning Level One. *Id.*

Accordingly, this matter must be remanded to permit the Commissioner to clarify whether Aragon is limited to Reasoning Level One and, if so, whether there are jobs that exist in significant numbers in the national economy that Aragon can perform.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter is remanded for further proceedings.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 1, 2013

Alicia G. Rosenberg

ALICIA G. ROSENBERG
United States Magistrate Judge